UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------

|  |  |
|---|---|
| DYNAMIC MOUNTING, LLC, : | CASE NO. 1:18-CV-1931 |
| Plaintiff, : |  |
| vs. : | OPINION & ORDER |
| : | [Resolving Doc. 10] |
| AV EXPRESS, : |  |
| Defendant. : |  |

------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiff alleges that Defendant's TV wall mounts infringe its patent. Defendant failed to respond to the complaint, and Plaintiff now moves for entry of default judgment.[1]

For the following reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's motion.

## I. Background

Plaintiff manufactures TV wall mounting systems. It holds United States Patent No. 8,724,037 (the "'037 Patent"), a "mounting system" allowing the user to mount a TV above a fireplace and vertically lower it on an arm.[2]

Defendant AV Express appears to sell TV mounts and other products. It markets these products on its website and on Amazon.com.[3] Plaintiff alleges that two of Defendant's TV mount models—the "Aeon 50300" and "Aeon 50310"—infringe the '037 Patent.[4]

---

[1] Doc. 10.
[2] Doc. 1 at 2; Doc. 1-2.
[3] *See* Doc. 10-3 at 14, 44.
[4] Doc. 1 at 3.

Plaintiff served Defendant by having the Clerk of Court for the United States District Court for the Northern District of Ohio send a copy of the summons and complaint via certified mail to Defendant. The mailing was sent to the business address listed on both Defendant's website[5] and on file with the Ohio Secretary of State.[6] According to the postal service tracking website, the mailing was delivered at 11:29am on September 10, 2018.[7] A delivery card signed by "A. Dussing" was returned to the Clerk.[8]

To date, Defendant has not responded to the complaint. The Clerk entered default against AV Express on October 15, 2018.[9]

Plaintiff now moves for default judgment. It seeks a permanent injunction enjoining Defendant from selling the infringing TV mounts, monetary damages, and attorney's fees and costs.[10]

## II. Discussion

Plaintiff moves for a default judgment under Federal Rule of Civil Procedure 55. That rule says that the party may apply to the court for default judgment after the clerk enters default.[11] When ruling on a default judgment motion, the Court accepts all well-pleaded complaint allegations as true,[12] except those relating to damages.[13]

---

[5] Doc. 10-3 at 7.
[6] *Id.* at 5.
[7] Doc. 10-3 at 11.
[8] Doc. 5.
[9] Doc. 9.
[10] Doc. 10.
[11] Fed. R. Civ. P. 55(b)(2).
[12] *See Thomson v. Wooster*, 114 U.S. 104, 111 (1885); *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981).
[13] *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995) ("Where damages are unliquidated a default admits only defendant's liability and the amount of damages must be proved." (quoting *Fehlhaber v. Fehlhaber*, 681 F.2d 1045, 1026 (5th Cir. 1982) (internal quotation marks omitted)).

### A. The Court Finds that Plaintiff Properly Served Defendant

Before a court may enter default judgment, it must establish its subject-matter jurisdiction over the action and personal jurisdiction over the Defendant by assuring that Defendant was properly served.[14]

Federal Rule 4(h) provides that a plaintiff may serve a corporation in the same manner for serving an individual.[15] Rule 4(e)(1), in turn, provides that one may serve an individual by "following state law for serving a summons in an action brought in courts of general jurisdiction in a state where the district court is located."[16]

Plaintiff served Defendant under the Ohio Rules of Civil Procedure, which provide that a plaintiff may serve a corporation "at any of its usual places of business"[17] by having the Clerk of Court send a certified United States mailing "evidenced by return receipt signed by any person."[18]

Here, the Clerk sent the mailing to the address listed on Defendant's website and on file with the Ohio Secretary of State. The delivery card was returned and signed.[19] Thus, the service was adequate.

### B. The Court Finds Defendant Liable for Patent Infringement

Although the Court takes all well-pleaded complaint allegations as true, the Court must still determine whether these facts give rise to liability.[20] Under 35 U.S.C. § 271(a),

---

[14] *See* Wright and Miller *et al.*, 10A *Fed. Prac. & Proc. Civ.* § 2682 (4th ed.) ("Before a default can be entered, the court must have subject-matter jurisdiction and jurisdiction over the party against whom the judgment is sought, which also means that the party must have been effectively served with process.").
[15] Fed. R. Civ. P. 4(h)(1)(A).
[16] Fed. R. Civ. P. 4(e)(1).
[17] Ohio R. Civ. P. 4.2(F).
[18] Ohio R. Civ. P. 4.1(A)(1)(a).
[19] Doc. 5.
[20] *Black v. Lane*, 22 F.3d 1395, 1407 (7th Cir. 1994) (explaining that the court must determine whether the alleged facts give rise to liability); *J & J Sports Prods., Inc. v. Rodriguez*, No. 1:08-CV-1350, 2008 WL

Case No. 1:18-cv-1931
Gwin, J.

whoever "without authority makes, uses, offers to sell, or sells any patented invention . . . infringes the patent." According to the Complaint, Plaintiff holds the '037 patent[21] and AV Express's Aeon 50300 and 50310 mounts fall within patent claims 1, 4-9, 14-16, 19-24, 26-33 and 37-38.[22] Because Defendant does not have the right to sell infringing products, the Court finds that these allegations adequately establish Defendant's liability for selling the mounts.

### C. The Court Grants Plaintiff's Motion for a Permanent Injunction

Plaintiff asks the Court to permanently enjoin "Defendant and its affiliates, partners, representatives, servants, employees, attorneys and all persons in active concert privity or participation with Defendant from selling its infringing Aeon 50300 and 50310 TV wall mounts and from otherwise infringing Plaintiff's patents."[23]

A court may issue a permanent injunction[24] when the moving party demonstrates that: "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction."[25] In general, courts have "granted injunctive relief upon a finding of infringement in the vast majority of patent cases . . . given the difficulty of protecting a right to *exclude* through

---

5083149, at *1 (N.D. Ohio Nov. 25, 2008) ("The Court, however, still must determine whether the facts alleged in the Complaint are sufficient to state a claim for relief as to each cause of action for which the plaintiff seeks default judgment.").
[21] Doc. 1 at 2.
[22] *Id.* at 3.
[23] Doc. 10-4 (proposed order).
[24] *See* 35 U.S.C. § 283 ("The several courts having jurisdiction of cases under this title may grant injunctions in accordance with the principles of equity to prevent the violation of any right secured by patent, on such terms as the court deems reasonable.").
[25] *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006).

-4-

Case No. 1:18-cv-1931
Gwin, J.
monetary damages that allow an infringer to *use* an invention against the patentee's wishes."[26]

The Court finds that Plaintiff has met the permanent injunction requirements. First, the Court presumes irreparable injury because infringement implicates the patentee's right to exclude others from using its property.[27] For the same reason, the Court presumes that remedies at law are inadequate to compensate Plaintiff's injury.[28] The Court also finds that the balance of hardships weighs in favor of the Plaintiff, because its patented wall mount is its sole product and the Defendant's infringing mount is just one among many. Finally, the Court finds that the public interest favors injunctive relief as protection of patentees' statutory rights generally serves the public interest.[29]

Though the Court finds that a permanent injunction is proper, Plaintiff's requested injunction is overbroad. The Federal Circuit has cautioned against injunctions that "simply prohibit future infringement of a patent" because they lack "specific terms and a reasonably detailed description of the acts sought to be restrained."[30] For this reason, the Court does not adopt Plaintiff's proposed injunction language directing Defendant to refrain "from otherwise infringing Plaintiff's patents." The Court otherwise grants Plaintiff's requested injunction.

---

[26] *Id.* at 395. (Roberts, C.J., concurring).
[27] *See Richardson v. Suzuki Motor Co.*, 868 F.2d 1226, 1246–47 (Fed. Cir.1989) ("Infringement having been established, it is contrary to the laws of property, of which the patent law partakes, to deny the patentee's right to exclude others from the use of his property.").
[28] *See H.H. Robertson Co. v. United Steel Deck, Inc.*, 820 F.2d 384, 390 (Fed. Cir. 1987) ("The nature of the patent grant thus weighs against holding that monetary damages will always suffice to make the patentee whole, for the principal value of a patent is its statutory right to exclude.").
[29] *See Abbott Labs. v. Andrx Pharm., Inc.*, 452 F.3d 1331, 1348 (Fed. Cir. 2006).
[30] *Int'l Rectifier Corp. v. IXYS Corp.*, 383 F.3d 1312, 1316 (Fed. Cir. 2004) (noting that patent injunctions lacking such specificity violate Federal Rule 65(d)).

### D. The Court Denies Plaintiff's Motion for Damages

Plaintiff also requests a reasonable royalty as monetary damages. To determine a reasonable royalty, the Court first looks to an established royalty for the patent. If there is none, the Court then considers "the supposed result of a hypothetical negotiations between plaintiff and defendant."[31] To determine the results of this hypothetical negotiation, courts customarily consider the factors enumerated in *Georgia-Pacific Corp. v. United States Plywood Corp.*[32]

Plaintiff asserts that in a hypothetical negotiation it would have agreed—with great reluctance—to a 15% royalty on gross sales of the infringing mounts.[33] It does not provide any other evidence. This statement, standing alone, is insufficient to support Plaintiff's requested damages award.

First, Plaintiff does not give any evidence that Plaintiff obtained a 15% royalty from any other patent licensee. If such agreements exist, Plaintiff should provide them because "such actual licenses most clearly reflect the economic value of the patented technology in the marketplace."[34]

Second, Plaintiff's motion does not give sufficient factual detail for the Court to determine a reasonable royalty. The Court cannot merely speculate about the negotiation's outcome, but "must carefully tie proof of damages to the claimed invention's footprint in

---

[31] *Rite-Hite Corp. v. Kelley Co.*, 56 F.3d 1538, 1554 (Fed. Cir. 1995) (en banc).
[32] 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970).
[33] *See* Doc. 10-1 (proposing a 15% royalty "for purposes of this motion only"); Doc. 10-2 at 3 (Massey Decl.) ("If I was forced to provide a license, I would have at least demanded $100 per mount or 25% of [Defendant's] gross revenues.").
[34] *LaserDynamics, Inc. v. Quanta Computer, Inc.*, 694 F.3d 51, 79 (Fed. Cir. 2012).

Case No. 1:18-cv-1931
Gwin, J.
the marketplace."[35]  Patentees typically offer expert testimony regarding a reasonable royalty.[36]

Third, Plaintiff's royalty calculation does not apportion the royalty rate based on the incremental value that the patented invention adds to the final product.  Even where Defendant holds a patent for the whole product, the royalty reward "must be based on the incremental value that the patented invention adds to the end product."[37]  Here, the infringing wall mount's value stems, in part, from non-infringing features.

Finally, the Court finds that Plaintiff's royalty base calculation is too speculative.  Plaintiff estimates Defendant's gross revenues by extrapolating from the review numbers on Defendant's web page and its Amazon.com web page.[38]  The Court appreciates the difficulty of estimating sales in light of Defendant's default.  However, Plaintiff is able to get sales data through a third-party subpoena on Amazon.com.  This would provide a more reliable basis for estimating review rates and total sales.

Thus, the Court denies Plaintiff's motion for monetary damages without prejudice.

### E.  The Court Denies Plaintiff's Motion for Attorney's Fees

Plaintiff moves for attorney's fees and costs.  Under 35 U.S.C. 285, a court may award reasonable attorney fees to the prevailing party in "exceptional cases."  Willful

---

[35] *ResQNet.com, Inc. v. Lansa, Inc.*, 594 F.3d 860, 869 (Fed. Cir. 2010).
[36] *See Wordtech Sys. v. Integrated Networks Solutions, Inc.*, 609 F.3d 1308, 1321 (Fed. Cir. 2010) (overturning jury award where patentee did not present expert damages testimony and relied on patentee executive's testimony); *see also* 1 *Chisum on Patents* § 20.07 ("Expert witness testimony is a primary means by which the parties may introduce evidence on what constitutes a reasonable royalty.").
[37] *Exmark Mfg. Co. Inc. v. Briggs & Stratton Power Prod. Grp.*, LLC, 879 F.3d 1332, 1348 (Fed. Cir. 2018) (explaining that the royalty rate for a patented "multiblade lawn mower" must be tied to the patented improvement (the mower's control baffle) and not the finished product as a whole).
[38] That is, Plaintiff arrives at a sales figure by assuming that the product reviews on these web pages represent 3.5% of total sales.

-7-

Case No. 1:18-cv-1931
Gwin, J.
infringement may make a case exceptional.[39] Plaintiff estimates that they have spent $30,000 on this matter, but does not provide any billing records.[40]

The Court uses the "lodestar" method to establish reasonable attorney's fees, which multiplies the reasonable hours worked by a reasonable hourly rate.[41] Because Plaintiff has not provided billing records needed to conduct this analysis, the Court denies Plaintiff's motion for attorney's fees without prejudice.

### III.  Conclusion

For the reasons stated above, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's motion for default judgment. The Court enjoins Defendant and its affiliates, partners, representatives, servants, employees, attorneys and all persons in active concert privity or participation with Defendant from selling its infringing Aeon 50300 and 50310 TV wall mounts.

IT IS SO ORDERED.

Dated: February 19, 2019                    *s/    James S. Gwin*
                                            JAMES S. GWIN
                                            UNITED STATES DISTRICT JUDGE

---

[39] *See nCube Corp. v. Seachange Int'l, Inc.*, 436 F.3d 1317, 1319 (Fed. Cir. 2006).
[40] Doc. 10-2 at 3.
[41] *See, e.g.*, *Rawlings v. Prudential-Bache Properties, Inc.*, 9 F.3d 513, 515 (6th Cir. 1993).